UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DONNA GREENE COBBS,

        Plaintiff,

v.                                      Case No. 5:18-cv-14-Oc-DNF

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

## OPINION AND ORDER

Plaintiff, Donna Greene Cobbs, who is proceeding in this matter *pro se*, seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the Court finds that the decision of the Commissioner is due to be **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C § 405(g).

    **I. Social Security Act Eligibility, Procedural History, Standard of Review, and ALJ's Findings**

        **A.    Social Security Act Eligibility**

The law defines disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must

be severe, making Plaintiff unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d) (2); 20 C.F.R. §§ 404.1505-404.1511.

### B. Procedural History

Plaintiff protectively filed an application for DIB on May 29, 2014, and an application for SSI on June 18, 2014. (Tr. 90, 91, 196-99, 200-09). Plaintiff's applications were denied initially on July 22, 2014, and upon reconsideration on September 3, 2014. (Tr. 116-23). Plaintiff requested a hearing and on October 20, 2016, an administrative hearing was held before Administrative Law Judge Edgardo Rodriguez-Quilichini (the "ALJ"). (Tr. 52-71). On February 1, 2017, the ALJ rendered his decision finding Plaintiff not disabled. (Tr. 29-51). Plaintiff requested review of the decision but the Appeals Council denied review on November 9, 2017. (Tr. 1-6). Plaintiff initiated this action by Complaint (Doc. 1) on January 8, 2018.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision

applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't. of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C.A. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. § 404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(I).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Sbpt. P. App. 1. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. §

1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("grids"), and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to Claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. The ALJ's Findings

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 1, 2013, the alleged onset date. (Tr. 34). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease, hypertension, and obesity. (Tr. 34). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 35).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with additional limitations. The claimant can lift, carry, push, and/or pull twenty (20) pounds occasionally and ten (10) pounds frequently. She can stand and walk for approximately six (6) hours and can sit for approximately six (6) hours out of an 8-hour workday (with normal breaks). She can occasionally climb stairs, stoop, kneel, crouch, and crawl, but should never climb ladders or scaffolds. She must avoid (all) exposure to vibration, unprotected heights, and hazardous machinery. In addition, she must avoid moderate exposure to extreme heat, (extreme) cold, wetness, humidity, and (pulmonary) irritants such as fumes, odors, dust, and gases.

(Tr. 36). At step four, the ALJ determined that Plaintiff was capable of performing her past relevant work as a server, hostess, and cashier, as such work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 45). The ALJ concluded that Plaintiff was not under a disability from August 1, 2013, the alleged onset date, through the date of the decision, February 6, 2017. (Tr. 46).

## II. Analysis

Plaintiff argues that the Commissioner committed numerous errors in denying her disability claims. These arguments fall into two categories: (1) whether the submission of new evidence after the ALJ entered his decision warrants remand, and (2) whether substantial evidence supports the ALJ's decision. The Court will address each in turn.

### a) Whether the submission of new evidence after the ALJ entered his decision warrants remand.

Plaintiff argues that the Appeals Council erred by failing to consider the new evidence she submitted after the ALJ entered his decision. (Doc. 20 p. 4). Plaintiff acknowledges that the

additional evidence is dated after the ALJ's decision, but that it is relevant to the period at issue. (Doc. 20 p. 4).

A claimant is generally permitted to present new evidence at each stage of his administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007), and 20 C.F.R. § 404.900(b). Evidence submitted for the first time to the Appeals Counsel is determined under a Sentence Four analysis. *Id.* An Appeals Council must consider new and material evidence that "'relates to the period on or before the date of the administrative law judge hearing decision' and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id.* (20 C.F.R. §§ 404.970(b), 416.1470(b)). New evidence is considered material and thereby warranting a remand if "'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Id.*

In this case, the record shows that Plaintiff submitted the following records to the Appeals Council: medical records from West Orange Family Medical Care dated March 3, 2017 to May 23, 2017 (18 pages); medical records from Florida Department of Highway dated May 24, 2017 (2 pages); Statement of Marlon Taylor, Plaintiff's friend, dated May 12, 2017 and May 23, 2017 (3 pages); Statement of Makasia Houchens, Plaintiff's daughter, dated May 10, 2017 (2 pages); undated statement of Terry Lee Long, Plaintiff's mother (1 page); Statement of David D. Long, Plaintiff's step-father, dated May 12, 2017 (1 page); and Statement of Mac Cobbs, Plaintiff's son, dated May 10, 2017 (2 pages). (Tr. 13-28; Doc. 20-1). The record further shows that the Appeals Council acknowledged receipt of this additional evidence but explained that it did not relate to the period at issue: "The Administrative Law Judge decided your case through February 6, 2017. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before February 6, 2017." (Tr. 2).

In this case, the Court finds no error in the ALJ's treatment of the additional evidence. First, the Appeals Council correctly noted that this evidence did not relate to the period at issue. In addition, the evidence was not material as it does not give rise to a reasonable possibility that the administrative outcome would change. As Defendant notes, the nothing in the medical evidence demonstrates that Plaintiff was more functionally limited than the ALJ determined. The record from the Florida Department of Highway is merely a scan of a "Disabled Persons Parking Identification Permit" placard. (Tr. 8). Further, the statements from Plaintiff's friends and family members describing Plaintiff's functional limitations do not give rise to a reasonable possibility the administrative outcome would change. Accordingly, the Court finds no reversible error in the Appeals Council's treatment of the evidence submitted to the Appeals Council.

Plaintiff has also submitted new evidence in the instant action that was not reviewed by the ALJ or the Appeals Council, specifically, a Residual Functional Capacity Form completed by Plaintiff's physician Michael Mercado, M.D. on August 7, 2018. (Doc. 20 p. 18-23). Dr. Mercado opined that Plaintiff can only stand for 10 minutes, only sit for 10 minutes, and would need to lie down during the day. (Doc. 20 p. 19). Dr. Mercado opined that Plaintiff can only walk 100 feet without stopping, can rarely reach up above shoulders, down to waist level and towards the floor, and can frequently handle objects and handle with fingers. (Doc. 20 p. 20). Dr. Mercado opined that can lift and carry 5-10 pounds in an eight-hour period and can regularly carry 5-10 pounds. (Doc. 20 p. 20). Dr. Mercado opined that Plaintiff's impairment prevents her from lifting, pulling, or holding objects. (Doc. 20 p. 20). Dr. Mercado opined that Plaintiff has difficulty bending, squatting, kneeling, and turning any parts of the body. (Doc. 20 p. 20). Dr. Mercado opined that "[i]n my medical opinion patient was disabled when I began seeing her on 2/22/2017 and would have been medically disabled on/before Feb 6, 2017." (Doc. 20 p. 23).

A court may remand a case to the Commissioner for consideration of newly discovered evidence pursuant to sentence six of 42 U.S.C. § 405(g). *See Lindsey v. Comm'r of Soc. Sec.*, 2018 WL 3369170, at *3 (11th Cir. July 10, 2018); *Hunter v. Soc. Sec. Admin.*, 808 F.3d 818, 821 (11th Cir. 2015). To obtain a remand under sentence six the claimant must establish, among other things, that: (1) there is new, noncumulative evidence, and (2) the evidence is material, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result. *See Lindsey*, 2018 WL 3369170, at *3; *Hunter*, 808 F.3d at 821. To be material, the evidence also must be chronologically relevant, meaning it must relate to the period on or before the date of the ALJ's decision. *See* 20 C.F.R. §§ 404.970(b), 416.1470(b).

Here, the Court finds that Dr. Mercado's opinion is not material. Although Dr. Mercado offered the general opinion that Plaintiff was disabled on or before February 6, 2017, this opinion does not warrant remand. The issue of whether a claimant is disabled is explicitly reserved for the Commissioner and, thus, physician's opinion as to disability is not accorded any deference. *See* 20 C.F.R. § 404. 1527(e); *see also Patterson v. Chater*, 983 F. Supp. 1410, 1414 (M.D. Fla 1997) (stating that medical opinions that a claimant is disabled or unable to work are issues reserved for the Commissioner). As to the specific limitation findings, there is no indication that Dr. Mercado opined these limitations applied before February 6, 2017. Plaintiff did not begin treatment with Dr. Mercado until two weeks after the ALJ entered his decision, and Dr. Mercado offered no basis for why his specific findings would apply before he began treatment. As it stands, Dr. Mercado's opinion is not chronologically relevant, and the Court will not remand the case for the ALJ to review this document.

**b) Whether substantial evidence supports the ALJ's decision.**

In her brief, Plaintiff presents numerous "rebuttals" to the ALJ's step two, step three, and RFC findings. The Court begins with Plaintiff's arguments concerning step two. Plaintiff seems to contend that the ALJ erred at step two by failing to find that her fibromyalgia constituted a severe impairment. In support of her argument, Plaintiff highlights various symptoms allegedly arising from her fibromyalgia. However, diagnoses and symptoms alone do not establish the existence of a severe impairment. *See* 20 C.F.R. §§ 404.1529(a), 416.929(a) (noting that statements about pain and other symptoms will not alone establish disability); *see also Wind v. Barnhart*, 133 F. App'x 684, 690 (11th Cir. 2005) (recognizing that a diagnosis alone is insufficient and claimant must show the effect of the impairment on his ability to work). Rather, Plaintiff must establish that these conditions significantly limit her ability to perform basic work functions. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 404.1521, 416.920(a)(4)(ii), (c), 416.921; *see also Bridges v. Bowen*, 815 F.2d 622, 625-26 (11th Cir. 1987) (recognizing that an impairment cannot be severe if it has only a minimal impact).

In his decision, the ALJ considered the medical evidence of record related to Plaintiff's fibromyalgia and concluded that the condition did not cause any significant limitations. (Tr. 37-38, 43). As found by the ALJ, in May 2014, Plaintiff visited Nimesh Dayal, M.D., who noted that she numerous tender myofascial points. (Tr. 37, 43, 354). Dr. Dayal indicated that Plaintiff complained of chronic widespread pain, but also noted that she did not have any "limitation of activities of daily living." (Tr. 353). On examination, Plaintiff exhibited a normal gait and station with full range of motion in all extremities and symmetrical strength (Tr. 353).

Further, the ALJ observed that in June 2014, Plaintiff returned to Dr. Dayal and reported that her pain affected her activities of daily living, but aside from noting tender myofascial points,

Dr. Dayal's physical examination findings were entirely normal. (Tr. 38, 43, 360-61). *See Harrison v. Comm'r of Soc. Sec.*, 569 F. App'x 874, 877, 880-81 (11th Cir. 2014) (noting examinations of claimant with fibromyalgia "were consistently unremarkable," which supported the ALJ's finding that Harrison was not disabled). Dr. Dayal recommended that Plaintiff begin exercising at least 3 times weekly, for 20 to 30 minutes at a time, and suggested that Plaintiff try swimming, walking, an exercise bike, or a treadmill. (Tr. 361-62). Dr. Dayal's conservative recommendation that Plaintiff simply engage in physical activity to address her fibromyalgia symptoms undermines her claim of significant limitations resulting from her symptoms. *See Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (noting that conservative treatment undermined claimant's claims of disability). In addition, as Defendant notes, aside from her own subjective reports, Plaintiff offered no medical opinion to show that her fibromyalgia limited her abilities to do basic work activities for at least 12 consecutive months. See 20 C.F.R. §§ 404.1505(a), 404.1509, 404.1520(a), (c), 404.1521(a), 416.905(a), 416.909, 416.920(a), (c), 416.921(a).

In any event, whether fibromyalgia represented an additional severe impairment is irrelevant because the ALJ found in Plaintiff's favor at step two and proceeded to the other steps of the sequential evaluation process. (Tr. 34-46). *See Hearn v. Comm'r, Soc. Sec. Admin.*, 619 F.App'x 892,895 (11th Cir. 2015). The Court finds no error in the ALJ's step two analysis.

Plaintiff seemingly challenges the ALJ's application of the Listings at step three of the sequential evaluation with respect to her chronic obstructive pulmonary disease ("COPD") and hypertension. (Doc. 20 p. 6-11). The Listings describe impairments that are considered severe enough to prevent a person from doing "any gainful activity, regardless of his or her age, education, or work experience." See 20 C.F.R. § 404.1525(a). If a claimant's impairment "meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled." *Bowen v.*

*Yuckert*, 482 U.S. 137, 141 (1987). In order to meet a Listing, the claimant must (1) establish that she has a diagnosed condition that is included in the Listings, and (2) provide objective medical reports documenting that this condition meets the specific criteria of the applicable Listing and the duration requirement. See 20 C.F.R. §§ 404.1525(a)-(d), 416.925(a)-(d); *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). In order to equal a Listing, the medical findings must be "at least equal in severity and duration to the listed findings." 20 C.F.R. §§ 404.1525(a)-(d), 416.925(a)-(d); *see Wilson*, 284 F.3d at 1224. A diagnosis alone is insufficient to meet a Listing's criteria. See C.F.R. §§ 404.1525(d), 416.925(d); *see also Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of [a Listing's] criteria, no matter how severely, does not qualify.").

In this case, reviewing the ALJ's decision, the Court finds that the ALJ properly considered whether Plaintiff's impairments met or equaled a listed impairment, specifically discussing the Listings for COPD, hypertension, and musculoskeletal disorders. (Tr. 35 36). See 20 C.F.R. pt. 404, subpt. p., app. 1, §§1.00 (musculoskeletal system), 3.00 (respiratory disorders), 4.00 (cardiovascular system). Moreover, the ALJ also considered the impact of Plaintiff's obesity in combination with her other impairments, but concluded that even in combination, Plaintiff's impairments did not meet or equal a Listing. (Tr. 35-36). *See* Social Security Ruling (SSR) 02-1p6, 2002 WL 34686281, at *4-6; *see also Vangile v. Comm'r, Soc. Sec. Admin.*, 695 F. App'x 510, 513-14 (11th Cir. 2017) (recognizing that the ALJ satisfied the requirement to consider Vangile's impairments in combination where the ALJ found that Vangile did not have "a combination of impairments" that met or equaled a listed impairment).

In addition, substantial evidence supports the ALJ's finding that Plaintiff's impairments did not meet or equal a Listing. As found by the ALJ, Plaintiff's oxygen saturation rate was

generally above 95%, and examination usually revealed clear lungs, without wheezing.7 See 20 C.F.R. pt. 404, subpt. p., app. 1, § 3.02C3 (establishing for testing altitude of less than 3,000 feet above sea level an oxygen saturation level of less than or equal to 87 percent). Testing also indicated that Plaintiff had an FEV1 of 1.73, which increased to 2.77, and an FVC of 3.18, which increased to 4.05, showing a good response to bronchodilators (Tr. 35, 307-08). See 20 C.F.R. pt. 404, subpt. p., app. 1, §§ 3.02A (establishing for Plaintiff's height and age an FEV1 value of less than or equal to 1.45), 3.02B (establishing for Plaintiff's height and age an FVC value of less than or equal to 1.70).

Moreover, as recognized by the ALJ, Plaintiff did not have resultant chronic heart failure, ischemia, recurrent arrhythmia, symptomatic congenital heart disease, heart transplantation, aneurysm, chronic venous insufficiency, or peripheral arterial disease, as required to meet the Listing. (Tr. 35). See 20 C.F.R. pt. 404, subpt. p., app. 1, § 4.00 *et seq.* Rather, at the majority of her medical appointments, Plaintiff had normal blood pressure readings. (Tr. 40, 302, 361, 382, 417). In February 2014, Plaintiff underwent an electrocardiogram with normal results. (Tr. 40, 317). As discussed further below, Plaintiff's musculoskeletal examinations also revealed consistently normal findings,8 which demonstrated that Plaintiff's condition did not meet the severity described by the Listings. *See* 20 C.F.R. pt. 404, subpt. p., app. 1, § 1.00 *et seq.* In addition, records showed that Plaintiff treated her symptoms conservatively with medication (Tr. 302, 305, 322, 366, 395). Thus, in light of such mild to normal findings and conservative treatment, Plaintiff cannot show that her impairments, considered singly or in combination, met or equaled any Listing. See 20 C.F.R. §§ 404.1525(a)-(d), 416.925(a)-(d); Wilson, 284 F.3d at 1224.

While Plaintiff points to a few medical visits related to her COPD and hypertension symptoms, the issue is not whether some evidence might support Plaintiff's allegations or even

whether the evidence preponderates against the ALJ's decision; the issue is whether substantial evidence supports the ALJ's findings. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Under a substantial evidence standard of review, Plaintiff must do more than point to evidence in the record that supports her position; instead, she must show the absence of substantial evidence supporting the ALJ's conclusion, which she cannot do here. *See Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017). Plaintiff has failed to show that substantial evidence does not support the ALJ's step three finding.

Finally, Plaintiff argues that the ALJ erred by improperly evaluating her RFC. At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and based on that determination, decide whether the plaintiff is able to return to his or her previous work. *McCruter v. Bowen,* 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of a claimant's RFC is within the authority of the ALJ and along with the claimant's age education, and work experience, the RFC is considered in determining whether the claimant can work. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). The RFC is the most a plaintiff is able to do despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). In determining whether Plaintiff can return to her past relevant work, the ALJ must determine the Plaintiff's RFC using all of the relevant medical and other evidence in the record. *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004), 20 C.F.R. §404.1520(e).

Here, the ALJ assessed Plaintiff with the RFC to perform a modified range of light work (Tr. 23). In assessing Plaintiff's RFC, the ALJ properly considered the relevant evidence of record related to all of Plaintiff's severe and non-severe impairments, including fibromyalgia. (Tr. 36-45). *See* 20 C.F.R. §§ 404.1545(a), 416.945(a); *see also Bowen v. Heckler*, 748 F.2d 629, 634-35 (11th Cir. 1984) (recognizing that the ALJ must consider all impairments, severe or not, in

assessing the RFC). Furthermore, the ALJ's finding that Plaintiff could perform a reduced range of light work is supported by treatment notes and objective medical findings. As found by the ALJ, Plaintiff visited the emergency department in November 2013, with complaints of right shoulder pain. (Tr. 37-38, 374). Shoulder x-rays were normal, and physical examination showed intact sensations along with full strength in her extremities. (Tr. 38, 375, 378). Plaintiff returned in December 2013 and examination again showed intact sensation along with full strength and range of motion in all extremities. (Tr. 38, 383).

As noted by the ALJ, Plaintiff visited Ahmad Jalloul, M.D., in January 2014, and on examination, demonstrated full range of motion, motor strength, and intact sensation in all extremities, with no joint swelling. (Tr. 38, 302). She also denied any back pain or muscle weakness. (Tr. 38, 301). Dr. Jalloul further noted that Plaintiff had an oxygen saturation rate as high as 98%, a symmetric, non-deformed chest, and only some minimal end expiratory wheezing. (Tr. 39, 302). Plaintiff saw Dr. Dayal in June 2014. (Tr. 38, 362). On examination, Dr. Dayal found that Plaintiff exhibited a normal gait and station, symmetrical strength, a normal motor and sensory exam, equal and symmetrical deep tendon reflexes bilaterally, normal range of motion in her extremities, no muscle atrophy or abnormal movements, and no joint swelling, erythema, effusion, tenderness, crepitation, dislocation, or laxity. (Tr. 38, 361). Dr. Dayal also noted that Plaintiff's lungs were clear to auscultation with no wheezes. (Tr. 39, 361). An x-ray of Plaintiff's right knee in August 2014 was also normal (Tr. 38, 403). Moreover, Plaintiff's oxygen saturation rate continued to register around 98% and her lungs were clear with good air entry and no wheezes. (Tr. 39, 391-92).

The ALJ discussed that Plaintiff visited Phuong-Thi N. Tran, D.O., in October 2016, and examination showed a normal gait, normal range of motion in all extremities, negative straight

leg-raising tests bilaterally, and no neurological deficits. (Tr. 38, 417-18). MRIs of Plaintiff's thoracic and lumbar spines revealed only mild degenerative changes without central canal stenosis or neural foraminal narrowing. (Tr. 413, 415). Dr. Tran also noted that Plaintiff's lungs were clear to auscultation, with good air entry bilaterally and no wheezes. (Tr. 39, 417). These consistently mild to normal examination findings provide substantial evidence supporting the ALJ's determination that Plaintiff could perform a range of light work. *See Herron v. Soc. Sec. Admin., Comm'r*, 649 F.App'x 781, 784-85, 787 (11th Cir. 2016) (upholding the ALJ's finding that Herron retained an RFC to perform light work where the x-rays showed only mild degenerative disc disease and successful cervical fusion surgery); *Packer*, 542 F. App'x at 892 (11th Cir. 2013) (concluding that substantial evidence supported the RFC where medical sources indicated that Packer's functioning in pertinent areas was normal or only mildly restricted and she regularly demonstrated full range of motion in her legs and lower back); *Moore*, 405 F.3d at 1212-13 (upholding the ALJ's RFC determination where Moore's condition during the relevant time period remained stable, with no diminution in muscle strength, a full range of motion, and normal muscle tone).

Furthermore, the ALJ properly considered Plaintiff's allegations of subjective symptoms and limitations, but concluded they were not entirely consistent with the medical evidence (Tr. 41). *See* 20 C.F.R. §§ 404.1529, 416.929. When a claimant attempts to establish disability based on her subjective complaints, she must provide evidence of an underlying medical condition and either (a) objective medical evidence confirming the severity of the alleged pain or symptoms, or (b) that the condition could reasonably be expected to produce the alleged pain or symptoms. *See* 20 C.F.R. §§ 404.1529, 416.929. If the claimant establishes that she has an impairment that could reasonably be expected to produce her alleged symptoms, then the ALJ must evaluate the intensity

and persistence of her alleged symptoms and their effect on her ability to work. *See* 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). Substantial evidence supports the ALJ's articulated reasons for discounting Plaintiff's subjective complaints. While Plaintiff reported that she experienced medication side effects, including drowsiness and poor concentration (Tr. 62), as found by the ALJ, the medical evidence indicated Plaintiff was awake, alert, and oriented, with appropriate affect and no acute distress during her examinations. (Tr. 41, 302, 323, 354, 367, 383, 392, 418). Thus, the medical evidence did not support her claim of significant side effects. *Cf. Walker v. Comm'r of Soc. Sec.*, 404 F. App'x 362, 366 (11th Cir. 2010) (holding that "the claimant must introduce evidence supporting her claim that her symptoms (including any medication side effects) make her unable to work").

Accordingly, the substantial evidence supported the ALJ's determination that Plaintiff retained the RFC to perform a modified range of light work, and Plaintiff failed to demonstrate that she was more restricted than found by the ALJ. Because substantial evidence supports the ALJ's determination, the Court will not disturb the ALJ's findings upon review.

**III) Conclusion**

The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on February 27, 2019.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties